IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| AGUSTIN CALDERON | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv114 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Agustin Calderon, an inmate confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner contests the validity of a prison disciplinary conviction he received on July 16, 2019 for sexual misconduct, Disciplinary Report #20190265963. As a result of the disciplinary conviction, petitioner claims he was assessed the following punishment: (1) a loss of 30 days' good conduct time; (2) 45 days' recreation and cell restriction; (3) 60 days' commissary restriction; and (4) a reduction in time-earning classification from L-1 to L-3. Petitioner complains he was denied due process because he was not allowed to attend the hearing nor question the charging officer. Additionally, petitioner complains unit officials did not follow prison procedures.

Analysis

*Limitations*

The AEDPA amended 28 U.S.C. § 2244 by imposing a one-year statute of limitations for the filing of a habeas corpus petition seeking relief from a state court conviction. 28 U.S.C. § 2244(d)(1), as amended, provides in pertinent part the following:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

In *Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002), the Fifth Circuit Court of Appeals held that the language of § 2244(d)(1) applies to prison disciplinary proceedings. The court stated that the language of § 2244(d)(1) is "easily applied across-the-board to petitions attacking the prisoner's conviction as well as the calculation of time served." *Id.* at 363. The one-year period commences when the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Thus, the one-year period begins to run the date of the disciplinary

2

hearing, as the factual predicate of the claim was discoverable with reasonable diligence as of that date. *Id.* at 363-64. However, the timely pendency of prison grievance procedures tolls the one-year period. *Id.* at 364.

Petitioner's disciplinary hearing and conviction occurred on July 16, 2019. Petitioner claims his administrative remedy was exhausted "around" September 18, 2019. Accordingly, petitioner's federal petition for writ of habeas corpus was due on or before September 18, 2019. Petitioner did not file this petition for writ of habeas corpus, however, until July 25, 2022. Thus, the one-year limitations period had expired almost two years earlier, and this petition should be dismissed as barred by limitations. Further, in the alternative, petitioner's petition lacks merit and should be denied for the reasons set forth below.

*Denial of Due Process*

Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impose upon a liberty interest. State-created liberty interests protected by the Due Process Clause are generally limited to freedom from restraint imposing an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293 (1995).

In *Sandin*, the Court adopted a new and different methodology for determining whether a state has created a protected liberty interest to benefit prison inmates. *Id*. at 2297-2300. Rather than focusing on the presence or absence of mandatory statutory or regulatory language, [ See, e.g., *Hewitt v. Helms*, 459 U.S. 460 (1983).] the Supreme Court determined that the reviewing court should consider the nature of the challenged state action and whether it involved such a significant departure

from normal prison conditions that the state might have conceivably created a liberty interest. *Id*. at 2299.

Protected "interests are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). In Texas, prisoners eligible for release on mandatory supervised release, may have a protected liberty interest in previously-earned good conduct time. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002); *Malchi v. Thaler,* 211 F.3d 953, 956-58 (5th Cir. 2000). However, being placed in disciplinary confinement, losing commissary and property privileges for thirty days, and remaining at the same time earning class are not sanctions which impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 115 S. Ct. at 2299. *See also Madison*, 104 F.3d at 768 (concluding that imposing thirty days of commissary and cell restrictions as punishment constitutes mere changes in the conditions of a prisoners confinement and do not implicate due process concerns); *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) ("the mere opportunity to earn good-time credits [does not] constitute a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause."), *cert. denied, Luken v. Johnson,* 116 S. Ct. 1690 (1996); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectible property nor liberty interest in his custody classification . . . ."), *cert. denied*, 488 U.S. 985 (1988).

The due process that an inmate must receive in a disciplinary hearing is: (1) written notice of the charges against him at least twenty-four hours before the hearing, (2) a written statement of the factfinders as to the evidence relied on and the reasons for the disciplinary action taken, and (3) the opportunity to call witnesses and present documentary evidence in his defense, unless these procedures would create a security risk in the particular case. *Wolff v. McDonnell*, 418 U.S. 539,

563-66, 94 S. Ct. 2963, 2978-80, 41 L. Ed. 2d 935 (1974); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000); *Walker v. Navarro County Jail*, 4 F.3d 410, 412 (5th Cir. 1993).

Here, petitioner claims he was denied due process with respect to the challenged disciplinary conviction. However, petitioner admits he was convicted of capital murder and is not eligible for release on mandatory supervision. As a result, due process concerns are not implicated and prison officials were not required to afford petitioner due process at the disciplinary hearing. The punishment imposed in this case did not affect the fact or duration of confinement. Accordingly, petitioner's due process claims do not present grounds warranting relief pursuant to federal habeas corpus review.

*Prison Rules*

Finally, petitioner claims that prison officials did not follow prison rules and regulations regarding inmate discipline. However, violations of prison rules or regulations are not constitutional violations *per se*. *See Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989). Failure to follow institutional rules and regulations, standing alone, does not constitute a violation of petitioner's due process rights. *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994). "A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996). Federal habeas review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state or administrative procedure. *Manning v. Blackburn*, 786 F.2d 710, 711 (5th Cir. 1986). Accordingly, petitioner's ground for review is without merit and does not provide a basis for federal habeas corpus relief.

<u>Recommendation</u>

The above-styled petition for writ of habeas corpus should be dismissed.

Objections

Within fourteen days after being served with a copy of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 9th day of August, 2022.

_____
Zack Hawthorn
United States Magistrate Judge